UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| SANDRA K. WATSON, )<br>formerly known as Sandra K. Belknap )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>JON BARRY & ASSOCIATES, INC. )<br>d/b/a PARAGON REVENUE GROUP, )<br> )<br>    Defendant. ) | Civil Action No. _____<br><br>Jury Trial Demanded |

## COMPLAINT

### INTRODUCTION

1. This action arises out of Defendant Jon Barry & Associates, Inc. d/b/a Paragon Revenue Group's (Paragon) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), in its illegal efforts to collect a consumer debt.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and omissions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Sandra K. Watson (Plaintiff) is a natural person who resides in Cocke County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Paragon is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

1

## FAIR DEBT COLLECTION PRACTICES ACT

6. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692** *et seq.*

7. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." **15 U.S.C. §§ 1692 (a), (b), and (c).**

8. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **15 U.S.C. § 1692 (e).**

9. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

## FACTUAL ALLEGATIONS

10. Paragon has alleged Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a medical debt alleged to be owed to an entity named Tennova Healthcare-Newport (Tennova).

11. After default, the alleged debt was assigned to Paragon for collection from Plaintiff.

12. Paragon is regularly engaged in collection of consumer debts owed or due or asserted to be owed or due another, and incurred for personal, family or household purposes, and attempts to collect them by making telephone calls, sending collection letters, and credit reporting.

### *Threat to Collect an Amount of Service Charge Not Allowed Under State Law*

13. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. **15 U.S.C. § 1692a(2).**

14. On or about January 28, 2016, Paragon sent a form collection letter to Plaintiff that states Plaintiff owes $6,433.61 to Tennova on account number 19271396 (collection letter). **Copy filed as exhibit 1 this Complaint (hereinafter "Doc. 1-1").**

15. The collection letter also states:

> Your account has been placed with this office for collection. This is a serious business matter. Please pay the balance owed or contact our office.
>
> Your account will be placed with all three National Credit Reporting Agencies unless paid or disputed within 30 days of receipt of this letter. This does not affect the rights described below to dispute this account. We will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the period described below.
>
> $30.00 Service charge on all returned checks.
>
> . . .
>
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this

office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Debt collectors since 1986.

16. Tennessee Code Annotated § 62-20-115 (b) states that it is a violation of the Tennessee Collection Service Act (TCSA) and the Tennessee Collection Service Board (Collection Board) "may suspend, revoke or refuse to renew any license held under this chapter for any of the following causes:

. . .

> (2) Collecting or attempting to collect from the debtor any fee, commission or other compensation not provide by law for collection services rendered to a client, except that a collection service may recover from debtors reasonable charges imposed by banks for processing insufficient fund checks; provided, that the charges do not exceed nine dollars ($9.00) per check".

17. Paragon held a collection service license to collect debts on January 28, 2016 when it sent the collection letter to Plaintiff, and is subject to all requirements of the Tennessee Collection Service Act, Tenn. Code Ann. §§ 62-20-101, *et seq.*, including the one that prohibits it from collecting or attempting to collect more than $9.00 for a returned check. **See Doc. 1-1.**

18. By threatening to attempt to collect a $30.00 service charge on a returned check from Plaintiff when it is prohibited from collecting no more than $9.00 per returned check is the use by Paragon of a "false, deceptive, and misleading representation or means in connection with collection of any debt" in violation of 15 U.S.C. § 1692e, the "false representation of the character . . . or legal status of any debt", in violation of 15 U.S.C. §

1692e(2)(A), the "threat to take any action that cannot be legally taken", in violation of 15 U.S.C. § 1692e(5), the "use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval", in violation of 15 U.S.C. § 1692e(9), the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer", in violation of 15 U.S.C. § 1692e(10), and the use of "unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

### *Failure to Correctly State the Amount of the Debt Within Five Days After the Initial Communication*

19. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. **15 U.S.C. § 1692a(2).**

20. Experian and Equifax are each a consumer reporting agency as defined in 15 U.S.C. § 1681a(f), and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing credit reports to third parties.

21. Plaintiff obtained copies of her Experian credit reports dated April 26, 2016 and August 17, 2016, respectively, and copies of her Equifax credit reports dated April 26, 2016, August 15, 2016 and August 18, 2016, respectively, all which showed that Paragon was communicating information about the debt to Experian and Equifax.

22. "Debt collection is performed through 'communication,' . . . 'conduct,' . . . or 'means'. These broad words suggest a broad view of what the Act considers collection . . . [I]f a purpose of an activity taken in relation to a debt is to 'obtain payment' of the debt, the

5

activity is properly considered debt collection." *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013).

23. The reporting of the alleged debt to Experian and Equifax by Paragon, including that Tennova is the creditor alleged to be owed a debt for account number 1927136, and the amount alleged to be owed is only $236.00, are each a "communication" in an attempt to collect a debt from Plaintiff, as that term is defined by 15 U.S.C. § 1692a(2).

24. The January 28, 2016 collection letter is the initial communication by Paragon with Plaintiff in connection with collection of the alleged debt.

25. The reporting of the alleged debt to Experian and Equifax by Paragon are all subsequent communications in connection with collection of the debt and in an attempt to collect a debt from Plaintiff.

26. Within five days after Paragon sent the January 28, 2016 collection to Plaintiff, Plaintiff had not paid the debt.

27. Paragon's January 28, 2016 initial communication stated that Plaintiff allegedly owes $6,433.61 on account number 19271396, but the subsequent communications stated that Plaintiff only owes $236.00 on account number 19271396.

28. Paragon's initial communication in connection with collection the debt did not state the amount of the debt because it misrepresented the amount of debt owed on the account.

29. Within five days after the initial communication by Paragon with Plaintiff in connection with collection of the debt in the form of the January 28, 2016 collection letter, Paragon failed to send Plaintiff a written notice containing the amount of the debt as required by 15 U.S.C. § 1692g(a)(1).

30. By failing to send Plaintiff a written notice containing the amount of the debt within five days after the initial communication with Plaintiff, Paragon failed to state the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1).

31. By failing to state the correct amount due in the January 28, 2016 collection letter, Paragon made a false, deceptive, and misleading representation in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and used an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

*Summary*

32. Paragon's above-detailed conduct in connection with collection of the debt was conduct in violation of numerous and multiple FDCPA provisions including, but not limited to the above-cited provisions.

### TRIAL BY JURY

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **US Const. amend. 7. Fed.R.Civ.P. 38.**

### CAUSES OF ACTION

### COUNT I-VII.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(9), 1692e(10), 1692f and 1692g(a)(1)**

34. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

35. The foregoing acts and omissions of Paragon constitute numerous and multiple FDCPA violations with respect to Plaintiff, including, but not limited to every one of the above-cited FDCPA provisions.

36. Because of the FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Paragon.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Paragon:

## **COUNT I-VII.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(9), 1692e(10), 1692f and 1692g(a)(1)**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Paragon and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Paragon, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Paragon and for Plaintiff; and

- for such other and further relief, as may be just and proper.

01/30/17               Respectfully submitted,

**SANDRA K. WATSON**

s/      Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com

Attorney for Plaintiff